UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD1 ASSET-BACKED CERTIFICATES, SERIES 2007-FXD1, | * * * * * * | |
| Plaintiff, | * * | Civil Action No. 15-CV-40027-ADB |
| v. | * * | |
| STEPHEN A. ABLITT, LAWRENCE F. SCOFIELD, JOHN CONNOLLY, JR., KEVIN D. GEANEY and RACHELLE D. WILLARD, | * * * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

June 15, 2016

BURROUGHS, D.J.

This legal malpractice case arises from an allegedly defective mortgage foreclosure. Plaintiff Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD1 Asset-Backed Certificates, Series 2007-FXD1 ("Plaintiff" or "Wells Fargo"), alleges that attorneys at Connolly, Geaney, Ablitt & Willard, P.C ("CGA&W") committed legal malpractice while attempting to prosecute a foreclosure on its behalf. Wells Fargo's Complaint names five defendants—Stephen A. Ablitt, Lawrence F. Scofield, John Connolly, Jr., Keven D. Geaney, and Rachelle D. Willard—all of whom, upon Wells Fargo's information and belief, were previously shareholders and/or officers of CGA&W.

Currently pending are defendants' motions to dismiss the Complaint for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to join

indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7) and 19. [ECF Nos. 48, 50, 52]. For the reasons stated herein, defendants' motions are granted in part. The motions are denied with respect to Count I but granted with respect to Count II. Wells Fargo may amend the Complaint within 14 days to bring a breach of contract claim against CGA&W.

## I. Factual Background

Wells Fargo alleges the following facts in its Complaint.

CGA&W is a Rhode Island professional corporation engaged in the practice of law in the Commonwealth of Massachusetts. [ECF No. 1 ("Compl.") ¶ 7].[1] Wells Fargo retained CGA&W, which at the time was known as Ablitt Law Offices, in 2011, to execute a foreclosure on property located in Millbury, Massachusetts, to which Wells Fargo held a note and mortgage. Id. ¶¶ 14, 21, 24, 28. CGA&W conducted a foreclosure sale on the property in November 2011 and Wells Fargo was the highest bidder. Id. ¶ 36. Subsequent to the auction and recordation of the foreclosure deed in Wells Fargo's favor, it was discovered that proper notice of the auction had not been given to a junior-lien holder with an interest in the property. Id. ¶ 38. CGA&W attempted to secure a Waiver of Notice from the junior lienholder but was unsuccessful in doing so. Id. ¶ 40. Acting on one or more of the defendants' advice, in February 2012, Wells Fargo executed a deed to the mortgagor, for nominal consideration, as a means to effectuate a rescission of the foreclosure sale so that Wells Fargo could conduct a new foreclosure sale that would extinguish all recorded interests junior to its interest. Id. ¶ 42. Rather than effectuating such a rescission, Wells Fargo's execution of a deed to the mortgagor for nominal consideration caused a quitclaim deed to be recorded with the Registry of Deeds, and ultimately purported to divest Wells Fargo of its loan collateral. Id. ¶¶ 43-44.

---

[1] CGA&W was formerly known as Ablitt Scofield and Ablitt Law Offices. Compl. ¶ 7.

As early as December 2012, defendants or associate attorneys working under their direction made efforts, including through an offer of compensation to be paid by CGA&W, to secure a deed of the property from the homeowner to Wells Fargo. Id. ¶ 48. Throughout 2013 and 2014, defendants or associate attorneys acting under their direction continued efforts to negotiate with the homeowner and/or his attorney for a deed conveying the property back to Wells Fargo. Id. ¶¶ 49, 58. During that time, defendants failed to disclose to Wells Fargo or its loan servicer the extent of the problem created by the errant quitclaim deed, failed to disclose to Wells Fargo that the quitclaim deed had not accomplished the intended rescission of the November foreclosure nor positioned Wells Fargo to conduct a new foreclosure sale of the property, and failed to initiate any legal action against the homeowner. Id. ¶ 49.

Wells Fargo filed its Complaint on February 13, 2015, bringing claims for legal malpractice (Count I) and breach of contract (Count II) against the five defendants. [ECF No. 1]. Defendants answered the Complaint by May 2015. [ECF Nos. 12-16]. The parties appeared for a scheduling conference in July 2015 and agreed to refer the case to mediation. [ECF No. 22]. In March 2016, after an unsuccessful mediation, the Court held an additional scheduling conference and set a fact discovery deadline of July 29, 2016. [ECF Nos. 33, 43]. Subsequent to that conference, in March and April 2016, each of the defendants moved to dismiss the complaint for failure to state a claim and failure to join an indispensable party. [ECF Nos. 48, 50, 52]. Wells Fargo filed an omnibus opposition to defendants' motions on April 20, 2016. [ECF No. 55].

## II.    Discussion

As an initial matter, defendants' motions to dismiss are untimely. A motion asserting any of the seven enumerated defenses in Rule 12(b) must be made "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, defendants filed their motions to dismiss nearly

a year after answering the Complaint. Nonetheless, because the defenses of failure to state a claim and failure to join may be raised in a motion for judgment on the pleadings, Fed. R. Civ. P. 12(h)(2), and a motion for judgment on the pleading may be made "[a]fter the pleadings are closed—but early enough not to delay trial," Fed. R. Civ. P. 12(c), the Court will treat defendants' motions as motions for judgment on the pleadings. "A motion for judgment on the pleadings [under Rule 12(c)] is treated much like a Rule 12(b)(6) motion to dismiss, with the court viewing the facts contained in the pleadings in the light most favorable to the nonmovant and draw[ing] all reasonable inferences therefrom." In re Loestrin 24 Fe Antitrust Litig., 814 F.3d 538, 549 (1st Cir. 2016) (internal quotations and citation omitted).

The crux of defendants' pending motions is that because Wells Fargo retained CGA&W, and not the individual defendants, the law firm should be the named defendant. Defendants further argue that since they were not actively involved in the Wells Fargo representation, they cannot be held personally liable for the conduct of other attorneys at the firm. This argument is foreclosed by SJC Rule 3:06(3)(b). SJC Rule 3.06(3)(b) imposes vicarious liability on all of the owners of a professional corporation "at the time of any negligent or wrongful act, error, or omission of any owner or employee of said entity which occurred in the performance of legal services." See Yeomans v. Stackpole, No. MICV201101702F, 2013 WL 1729213, at *3 (Mass. Super. Apr. 13, 2013) ("[V]icarious liability exists when any partner in a partnership commits a 'negligent or wrongful act, error or omission . . . in the performance of legal services by said entity.'") (citing S.J.C. Rule 3:06(3)(b)). Under this rule, all of the owners of a professional corporation are jointly and severally liable, up to a cap that depends on the size of the firm and the firm's insurance, for any legal malpractice committed by any other owner or employee of the corporation. See Fitzsimmons v. Soutter, No. 921036H, 1994 WL 879599, at *4 (Mass. Super.

June 9, 1994) ("As a shareholder in Soutter & Kertzman, P.C. from 1981 to 1985, Kertzman's liability for the negligent or wrongful conduct of Soutter is governed by Supreme Judicial Court Rule 3:06(3)(b). . . . The Rule goes on to place dollar limits on a shareholder's liability for the acts of others in the corporation.").

As alleged in the Complaint, all five defendants were owners and/or shareholders of CGA&W at some time between 2011 and 2014. Compl. ¶¶ 7-11. Because the allegedly negligent services were provided from 2011 through 2014, all of the defendants can be held liable, even if they had no involvement in the Wells Fargo matter. The extent of their liability, if any, will depend on whether they were directly involved in the matter[2] and what misconduct, if any, took place while they were actually owners and/or shareholders of CGA&W.

Defendants claim that because Wells Fargo retained CGA&W, and not the individual defendants, CGA&W is a necessary party that must be joined under Fed. R. Civ. P. 19. They don't provide any legal support for this argument, and ignore SJC Rule 3:06(3) entirely. "Under a motion pursuant to Rule 12(b)(7), the moving party carries the burden of showing why an absent party should be joined." Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000). Defendants have not met this burden. Though CGA&W may also be liable to Wells Fargo, defendants have not explained why CGA&W is a required party for purposes of this suit, given that the individual defendants, as owners and/or shareholders of CGA&W, can provide complete relief to Wells Fargo. See Pujol v. Shearson Am. Exp., Inc., 877 F.2d 132, 137 (1st Cir. 1989) ("[A] person potentially liable as a joint tortfeasor is *not* a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20"); Sullivan v. Starwood

---

[2] If they actually provided negligent legal services, SJC Rule 3:06(3)(a) applies and there is no liability cap.

Hotels & Resorts Worldwide, Inc., 949 F. Supp. 2d 324, 330-31 (D. Mass. 2013) ("Typically, joint tortfeasors . . . are not necessary parties under Fed. R. Civ. P. 19(a)(1)."). Even if the defendants intend to eventually seek indemnity from CGA&W, that does not require CGA&W to be added as a defendant in this action. See Charest v. Fed. Nat. Mortgage Ass'n, 9 F. Supp. 3d 114, 131 (D. Mass. 2014) ("Because Rule 19(a)(1) is concerned only with those who are already parties, the fact that an existing party's dispute with the absent party is left unresolved does not make the absent party a required party.").[3]

Despite the foregoing, the Court agrees with the defendants that Count II of the Complaint should be dismissed. Count I, for legal malpractice, fits squarely within SJC Rule 3:06(3) and can proceed against all of the defendants. Count II, for breach of contract, however, fails to state a claim, because the only contract that existed was between Wells Fargo and CGA&W. To maintain a claim for breach of contract under Massachusetts law, a party must demonstrate that a contract actually existed between the parties. Selski, Inc. v. Bassett, No. 03-0381A, 2004 WL 2424300, at *2-3 (Mass. Super. Oct. 18, 2004). "As a general matter, contracts do not bind nonparties." City of Revere v. Boston/Logan Airport Assocs., LLC, 416 F. Supp. 2d 200, 208 (D. Mass. 2005). Furthermore, "an agent is not ordinarily liable for his principal's breach of contract." McCarthy v. Azure, 22 F.3d 351, 360 (1st Cir. 1994); see also Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 11-12 (1st Cir. 1986) ("In the absence of malice, one who knowingly and voluntarily contracts with a corporation must look to the corporation, not to its officers, for redress, even for 'obvious' failures to perform contractual promises.").

---

[3] Defendants also argue that the Complaint should be dismissed for failing to name the homeowner as a defendant. Because Wells Fargo is seeking damages for legal malpractice, and is not attempting to recover the underlying property, there is no reason to join the homeowner as a party.

Accordingly, the breach of contract claim, which is largely duplicative of the legal malpractice claim anyway, may only be brought against CGA&W. Wells Fargo may amend the Complaint within 14 days to bring a breach of contract claim against CGA&W.

### III.   Conclusion

For the foregoing reasons, defendants' motions to dismiss [ECF Nos. 48, 50, 52] are granted in part. Count II of the Complaint is dismissed, but Count I is not. Wells Fargo may amend the Complaint within 14 days to bring a breach of contract claim against CGA&W. The parties should continue to follow the existing discovery schedule. [ECF No. 43].

**So ordered.**

Dated: June 15, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE